UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| LINDSAY PHILLIPS, LLC, | Case No. 8:13-bk-5419-KRM |
| LINDSAY PHILLIPS, INC., | Case No. 8:13-bk-5420-KRM |
| Debtors.                         / | *Jointly Administered Under Case No. 8:13-bk-5419-KRM* |

**JOINT CASE MANAGEMENT SUMMARY**

LINDSAY PHILLIPS, LLC ("**LP LLC**") and LINDSAY PHILLIPS, INC. ("**LP INC**") (collectively, the "**Debtors**"), by and through their undersigned attorneys, file their Joint Case Management Summary pursuant to Administrative Order FLMB 2009-1 Establishing Initial Procedures in Chapter 11 Cases Filed in the Unites States Bankruptcy Court of the Middle District of Florida.

**I.    Description of Debtors' Business**

LP LLC is a wholly owned subsidiary of LP INC. LP LLC manufactures and distributes women's shoes and other fashion accessories under the trade name "Lindsay Phillips". The Debtors' signature product, the Switchflop, is a unique flipflop with interchangeable straps and decorative snaps, such that a single pair of shoes can be changed to match an endless variety of outfits. The Debtors' company slogan is "Change your look, not your sole." The product line has expanded over time to include other types of shoes, handbags and accessories for women, all with a unique, casual flair. The Debtors' products, which are manufactured in China, are distributed through multiple

channels: through retail stores, boutiques and kiosks, as well as directly to customers through their company website, magazines, catalogs and television.

The Debtor's founder, 28 year old Lindsay Phillips, conceived the idea for Switchflops in 2000 as a result of a high school art project. She obtained the patent in 2004 while still in college. The Debtors' business model called for third-parties to manufacture the footwear pursuant to their specifications. In 2007, the Debtors took delivery of the first lot of 5,000 shoes. The Switchflop was introduced in 2007 at the Florida Surf Expo, and were an instant hit, selling out there and across the country. From there, the Debtors' business experienced substantial growth: from $760,000 in net sales in 2007 to $14,108.000 in net sales in 2012. The Debtors experienced the following issues with their rapid growth; (i) increased excess inventory, (ii) the inability to efficiently liquidate inventory, (iii) sourcing operations not supported by revenue levels, (iv) high management turnover, and (v) logistics/distribution inefficiencies. The Debtors have managed or mitigated the majority of these issues and are now more appropriately sized and managed for the current market opportunities and revenue levels.

Ms. Phillips has received numerous business and industry accolades including Ernst and Young's Entrepreneur of the Year 2010 in New Jersey as well as the prestigious Stevie Award for Women in Business. Lindsay Phillips products are now carried in 2,500 independent stores throughout the USA and has expanded to the UK, Europe, Australia, and Japan. The products are also available on the internet at www.lindsay-phillips.com and other websites run by independent stores.. Some of the products are pictured below:

  .

## II.     Location of Debtors' Operations and Whether Leased or Owned

The Debtor conducts its operations from the following leased locations:

1. Its corporate headquarters located at 10360 72nd St. N., Suite 808, Seminole, Florida 33777; and

2. A warehouse distribution center located at 400 Westmont Drive in San Pedro, California 90731.

3. A office space located at 2 Ridgedale, Suite 340, Cedar Knolls, New Jersey.

**Reasons for Filing Chapter 11**

On or about June 29, 2011, the Debtors and Sun National Bank ("**Sun National**") entered into an agreement wherein Sun National would provide a $5,000,000 credit facility (the "**Credit Facility**") to the Debtors. The Debtors executed a Revolving Credit and Security Agreement and a Revolving Credit Note, as amended, in furtherance of the Credit Facility (the "**Loan Documents**").

Although no payments to Sun National had been missed, Sun National stopped making advances under the Loan Document on or about March 28, 2013. In a letter dated April 16, 2013, Sun National declared a number of technical or financial defaults under the Loan Documents. As a result of Sun National's failure to fund and Sun

National's collection of receivables, the amount owed to Sun National was reduced approximately $300,000 in the three weeks before the Petition Date. The Debtors attempted to reach a resolution with Sun National, but were unsuccessful. Sun National filed an action in the United States District Court for the District of New Jersey, seeking, among other things, replevin and sale of their collateral, which they contend includes all the Debtors' cash, accounts receivable and inventory. Sun National also filed a motion for a temporary restraining order, which, if granted, would have effectively resulted in a liquidation of the Debtors' entire business. The Debtors believe that a liquidation sale of their inventory would produce no more than pennies on the dollar of its value. This left the Debtors with no choice but to file these Chapter 11 proceedings, in order to preserve the going concern value of their business.

### III. List of Officers and Directors Including Salaries and Benefits at the Time of Filing and During 1 Year Prior to Filing

The Debtors have three officers, who are proposed to receive the following salaries during the Chapter 11 case:

| | |
|---|---|
| Lindsay Phillips (Founder) | $30,000 |
| Elisabeth Phillips (Director) | $30,000 |

All of the officers have the right to receive health benefits and reimbursement of expenses but none currently are receiving such benefits. The officers are also reimbursed for expenses incurred on the Debtors' behalf.

The Debtors retained Lindsay Phillips Holdings, LLC as a management company in June 2013. The Debtor pays monthly management fees of $10,000.00 plus a ten percent (10%) mark up on all cost reimbursements.

The directors of the Debtors are (i) Elisabeth Phillips; (ii) Lindsay Phillips; (iii) John Connelly; (iv) Michael Muscato; (v) Paul Phillips; and (vi) Brian Dillman.

LP INC is the sole member of LP LLC.  No dividends have been paid to LP LLC within the twelve months preceding the Petition Date.

### IV.   Debtors' Annual Gross Revenues

LP LLC's gross revenues for the year ending December 31, 2012 were $14.1 million.  LP Inc's gross revenues for the year ending December 31, 2012 were $0.

### V.   Amounts Owed to Various Classes of Creditors

As of the Petition Date, the Debtors owed the following amounts to creditors:

**Priority Claims**

No significant amounts are owed on priority claims.

**Secured Claims**

As discussed above, Sun National asserts a secured claim against the Debtors. Sun National asserts that it is owed approximately $2,400,000.  The Debtors reserve the right to dispute asserted claims.  Sun National holds, as additional collateral, $750,000 in deposit accounts posted by members of the Phillips family.

**Unsecured Claims**

The unsecured claims against LP LLC are approximately $6,200,000.  There are no unsecured claims against LP INC.

### VI.   General Description and Approximate Value of Debtors' Current Fixed Assets

As of the Petition Date, the Debtors' current fixed assets consisted of (1) inventory with a net book value of approximately $2,620,000; (2) accounts receivable

with a net book value of approximately $783,000; and (3) computers, furniture, fixtures, and leasehold improvements with a net book value of approximately $230,000.

### VII. Number of Employees and Amounts of Wages Owed as of Petition Date

As of the Petition Date, LP LLC had 21 employees, all of which are leased. All amounts owed to employees were current on the Petition Date. LP INC had no employees as of the Petition Date.

### VIII. Status of Debtors' Payroll and Sales Tax Obligations

The Debtors owe the Florida Department of Revenue approximately $3,300, which represents the balance owed under a payment plan with respect to liability asserted after a sales tax audit.

### IX. Anticipated Emergency Relief to be Requested Within 14 Days of Petition Date

The Debtors anticipate filing the following motions requesting emergency relief or ex parte relief within 14 days of the Petition Date:

1. Motion for joint administration;

2. Motion seeking authorization to use cash collateral;

3. Motion for extension of §366 utilities stay;

4. Motion to approve officers' salaries; and

5. Motion for authority to obtain post-petition financing.

                */s/ Becky Ferrell-Anton*
                Harley E. Riedel (Florida Bar No. 183628)
                Scott A. Stichter (Florida Bar No. 710679)
                Becky Ferrell-Anton (Florida Bar No. 0449342)
                Stichter, Riedel, Blain & Prosser, P.A.
                110 East Madison Street, Suite 200
                Tampa, Florida  33602
                (813) 229-0144 – Telephone
                (813) 229-1811 – Fax
                bfanton@srbp.com
                Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Joint Case Management Summary* has been furnished on this 29th day of April, 2013, by the Court's CM/ECF electronic transmission to the Office of the United States Trustee and all other parties receiving CM/ECF noticing.

                */s/ Becky Ferrell-Anton*
                Becky Ferrell-Anton

H:\User\Lindsay Phillips, Inc\Miscellaneous\Case Management Summary - 4.docx